IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHELLE NEWSOME, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CENTER OPERATING COMPANY, LP, | § | CIVIL ACTION NO. 3:19-CV-01279-E |
| AND ARENA OPERATING | § | |
| COMPANY, INC., | § | |
| | § | |
| | § | |
| Defendants | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court in this employment discrimination and retaliation case is Defendants' Amended Motion for Summary Judgment. The Court has considered the briefs, record, applicable authorities, and summary judgment evidence submitted. For the reasons stated below, the Motion is **GRANTED.**

## Background

Plaintiff Michelle Newsome, an African-American female, brings this *pro se* employment discrimination action against Defendants Center Operating Company, LP ("COC") and Arena Operating Company, Inc. ("AOC"). Plaintiff asserts claims for Sex Discrimination, Wrongful Termination—Sex Discrimination, Race/Color Discrimination, Wrongful Termination—Race/Color Discrimination, and Unlawful Retaliation under Title VII, 42 U.S.C. § 2000e-2(a). She also asserts claims for Race/Color Discrimination and Retaliation in violation of 42 U.S.C. § 1981. In support of her claims, Plaintiff's First Amended Complaint alleges she worked for Defendants as a premium sales executive for over thirteen years. She alleges her immediate supervisor attempted to divert sales leads and opportunities away from her and towards her white male peers and forced her to share

commission on one of her sales with a white male peer. Plaintiff was eventually fired for the stated reason of failing to meet quotas. Plaintiff alleges the sales quota system she was subjected to was a pretext for unlawful employment discrimination and retaliation.

Defendants respond that Plaintiff was fired for failing to meet the sales requirements that came with her promotion to the position of Sales Suite Executive. Moreover, Defendants argue that all three of their Sales Suite Executives had the same sales requirements. Only one Caucasian male met the sales goals. Plaintiff and the other Sales Suite Executive, an African-American male, were put on Performance Improvement Plans after failing to meet the mid-year requirements of their annual sales goals. And both were terminated for failing to meet the requirements stated in their Performance Improvement Plans.

Defendants contend they are entitled to summary judgment for the following reasons: 1) Plaintiff's failure to respond to their Request for Admissions means the questions are now deemed admitted and Plaintiff cannot show discrimination or retaliation as a result; 2) COC never employed Plaintiff and thus cannot be liable for her firing; 3) Plaintiff's § 1981 claims are time barred; 4) § 1981 does not provide a cause of action based on color discrimination; and 5) Plaintiff failed to exhaust her administrative remedies for her Title VII Color Discrimination Claim. The Court need not reach all these arguments in ruling on Defendants' motion.

Plaintiff's response to Defendants' Amended Motion for Summary Judgment did not include any summary judgment evidence, or point to any evidence in the record, to show there is a genuine issue of material fact for trial. Doc. 58. Instead, Plaintiff's response served as a motion to extend the deadlines for discovery and to substitute counsel.

## Legal Standard

A.  Legal Standard for Summary Judgment

"[A] party seeking summary judgment always bears the initial responsibility of informing the

district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Davis v. Fort Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) (alterations in original). The burden then shifts to "the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324). The Court must "draw all reasonable inferences in favor of the nonmoving party" and "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation and internal quotation marks omitted). A party cannot "defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

B. Legal Standard for Summary Judgment on Title VII claims

1. Title VII Discrimination Claims

Courts in this jurisdiction apply the *McDonnell Douglas* approach when considering whether summary judgment is appropriate in Title VII cases where circumstantial evidence of discrimination is alleged. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)); *see also Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 235 (5th Cir. 2016) (sex discrimination); *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011) (race discrimination).  Under the *McDonnell Douglas* burden-shifting analysis, the plaintiff carries the initial burden of establishing a prima facie case of discrimination, namely: (1) that she belongs to a protected group; (2) that she performed her job satisfactorily; (3) that she was discharged or suffered an adverse employment action; and (4) that similarly situated employees of a different race, color, or sex were treated more favorably or that she was replaced by someone outside of her protected class. *See Willis v. Cleco Corp.*, 749 F.3d 314, 320

3

(5th Cir. 2014) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)).

If the plaintiff succeeds, the burden of production shifts to the defendant employer to offer some legitimate, non-discriminatory explanation for the adverse employment action. *See Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (citing *McDonnell Douglas*, 411 U.S. at 802). If the defendant makes the requisite showing, the burden shifts back to the plaintiff to offer sufficient evidence to create a genuine issue of material fact, either that (1) the proffered reason is a pretext for discrimination, or is "false or unworthy of credence," or (2) the reason, "while true, is only one of the reasons for its conduct, and another 'motivating factor'" is the plaintiff's protected characteristic. *Vaughn,* 665 F.3d at 636 (quoting *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)); *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). Bare allegations of race, color, or sex discrimination are insufficient to create a genuine dispute as to a material fact. *See Swanson v. Gen. Serv. Admin.*, 110 F.3d 1180, 1186 (5th Cir. 1997).

2. Title VII Retaliation Claims

"To establish a claim of retaliation under Title VII, a plaintiff must demonstrate that she: (1) engaged in a protected activity; (2) that an adverse employment action occurred; and (3) that a causal link exists between the protected activity and the adverse employment action." *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 414 (5th Cir. 2003) (citing *Evans v. City of Houston*, 246 F.3d 344 (5th Cir. 2001)). A plaintiff may prove the causal link through direct or circumstantial evidence. *Id.* at 415. When the Plaintiff lacks direct evidence of discriminatory retaliation, as is the case here, she may attempt to prove the causal element using circumstantial evidence—the *McDonnell Douglas* framework then applies. *Id.*

C. Legal Standard for § 1981 claims

The only substantive differences between §1981 and Title VII are their respective statutes of limitations and the Title VII requirement that the plaintiff must exhaust all administrative remedies. *See Jones v. Robinson Prop. Group., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005). Thus, the Court can analyze the summary judgment evidence for the Title VII claims and § 1981 claims simultaneously. *See id.*

**<u>Analysis</u>**

Plaintiff failed to establish a prima facie case of race, color, or sex discrimination or retaliation. It is undisputed that Plaintiff is an African-American female who was fired from her job—satisfying elements one and three of her discrimination claim. And it is undisputed that she engaged in protected activity when she filed a formal grievance complaint with Human Resources in 2015 alleging discrimination—satisfying elements one and two of her retaliation claim. However, Plaintiff failed to provide evidence that she performed her job satisfactorily, or that similarly situated employees of a different race, color, or sex were treated more favorably than she was, or that she was replaced by someone outside of her protected class. Moreover, she failed to provide evidence of a causal link between her March 2015 Human Resources complaint and her March 2017 firing.

The Court reached these conclusions for two primary reasons: 1) Plaintiff's failure to respond to Defendants' Requests for Admissions; and 2) Plaintiff failure to produce any summary judgment evidence to support her claims. The Court is mindful of Plaintiff's status as a *pro se* litigant; but the undisputed facts and the law require granting Defendants' Amended Motion for Summary Judgment.

1. Plaintiff's failure to respond to Defendants' First Requests for Admissions is fatal to her case.

"Rule 36 of the Federal Rules provides that a matter requested through an admission will be deemed admitted unless the party to whom it is directed responds within thirty days after service of

the request. FED. R. CIV. P. 36(a). . . . Further, if the requests for admissions concern an essential issue, the failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding party." *Hill v. Breazeale*, 197 Fed. App'x 331, 336 (5th Cir. 2006) (citing *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985)). This rule still applies to *pro se* Title VII plaintiffs. *See Hall v. Advo, Inc.*, No. 3:04-cv-2644-L, 2007 WL 210357, at *3 (N.D. Tex. Jan. 26, 2007); *Worsham v. Minyard Food Stores, Inc.*, No. 3:00-cv-1182-P, 2001 WL 611173, at *3 (N.D. Tex. Jun. 05, 2001) ("Plaintiff will not be permitted to flout the Federal Rules and ignore legitimate discovery requests simply because he is *pro se*."). The record indicates Plaintiff received and signed for Defendants' First Request for Admissions on April 6, 2020. Doc. 55, App'x 3-4. To date, she has not responded.

The consequence of Plaintiff's failure to respond means she admits to statements such as the following: "[n]either AOC nor COC terminated Plaintiff from her employment with AOC as a result of any discriminatory animus towards Plaintiff in any way whatsoever." Doc. 55, App'x 8, question 35. There are some fifty plus questions in that vein where the admission serves to negate each one of Plaintiff's discrimination and retaliation claims. Although Plaintiff has never argued to this Court that her lack of counsel is the reason for her failure to respond to the Request for Admissions, this issue should still be addressed.

As the Court noted in its order denying Plaintiff's fifth motion to extend the deadline to substitute counsel, Plaintiff's lack of representation was her own doing. Doc. 75. In Plaintiff's original attorneys' first Unopposed Motion to Withdraw as Counsel, they cited "[t]he inability to communicate with Plaintiff [a]s one of the main reasons for the requested withdrawal." Doc. 24 at 1. The Court denied that motion to allow Plaintiff further opportunity to participate in her own case. But three weeks later, Plaintiff's original attorneys filed their Second Amended Unopposed Motion to Withdraw as Counsel asserting that their "request to withdraw follow[s] months of inability to

communicate with Plaintiff in a timely manner and [inability] to gain Plaintiff's cooperation in preparing to prosecute her claims." Doc. 29 at 2. Moreover, they explained that in the three weeks between their first and second motions to withdraw, they still had not heard from Plaintiff regarding any of their requests. *Id.* This time the Court granted their motion to withdraw as counsel.

Plaintiff had no less than four months between the withdrawal of her first set of attorneys and the close of discovery to find new ones. The Court even granted her an extension of time to substitute counsel. Doc. 41. None of her motions to the Court deny nor explain her failure to communicate with her original counsel. Moreover, Plaintiff managed to find new attorneys to represent her at her deposition on November 6, 2020. Yet, she has still not responded to Defendants' Request for Admissions. Thus, Plaintiff's responses are deemed admitted and she cannot demonstrate a prima facie case of Title VII or § 1981 violations.

2. Plaintiff failed to produce any evidence to support her case.

Even if the Court looked past this technicality, the substantive flaws in Plaintiff's case are likewise fatal. The Court granted Plaintiff a near two-month extension of the discovery deadline. Doc. 22. However, Plaintiff still failed to produce evidence that presents a triable issue for the jury regarding her claims for race, color, or sex discrimination or retaliation. In fact, a review of the Defendants' summary judgment evidence reveals statements made by Plaintiff that directly contradict the allegations in Plaintiff's Amended Complaint.[1]

Defendants on the other hand provided ample evidence that Plaintiff was fired for failing to meet objective sales goals. Defendants point to affidavits from Plaintiff's supervisors, a job posting

---

[1] Plaintiff's First Amended Complaint alleges that her immediate supervisor made her share the commission of a sale with her white male peer. Doc. 14 at 3. Yet, in an email from Plaintiff to her Chief Revenue Officer concerning that issue, Plaintiff writes: "[T]hank you so much for making the decision yesterday for me to receive the full 9% commission, full credit toward my sales goal and that COC will own the suite relationship." Doc. 55, App'x 13. Plaintiff acknowledges sending this email in her deposition. Doc. 55, App'x 127-128. And financial records further confirm Plaintiff received the full commission. Doc. 55 App'x 16.

showing the objective requirements for Plaintiff's position, Plaintiff's Performance Improvement Plan documenting her failure to achieve the requirements, and the Performance Improvement Plan of a male peer documenting he too failed to meet the objective criteria and was likewise terminated. Doc. 55. Plaintiff even confirmed she had no evidence disputing her failure to achieve her required sales goals as required by her promotion, and no evidence disputing that her male peers, one African-American and one Caucasian, were subjected to the same requirements. Doc. 55, App'x 141. All this evidence, undisputed by Plaintiff, underscore Defendants having a race, color, and sex neutral reason for terminating Plaintiff's employment.

In short, there is no evidence of discrimination or retaliation from Plaintiff and ample undisputed evidence from Defendants that Plaintiff's employment termination was legitimate. In similar circumstances, this Court has granted summary judgment. *See, e.g.*, *Devenport v. Plains Capital Corp.*, No. 5:03-cv-146-C, 2004 U.S. Dist. LEXIS 24614, at *25 (N.D. Tex. Dec. 04, 2004) ("Consequently, because Plaintiff has failed to produce evidence to support his prima facie case and Defendants have produced undisputed, legitimate, non-discriminatory reasons for their conduct, even though the burden of production never in fact shifted to them under the circumstances, this Court is of the opinion that Defendants are entitled to summary judgment on Plaintiff's claims for discrimination under Title VII or § 1981."); *Draper v. Westvaco Corp.*, No. 3:97-cv-1850-P, 1999 WL 21049, at *5 (N.D. Tex. Jan. 6, 1999) ("There is no admissible evidence offered that tends to prove [Plaintiff's claim]. In fact, Defendant offers evidence to the contrary in the form of letters, memoranda, affidavits[,] and business records. Plaintiff fails to offer any evidence to rebut that of Defendant.") Thus, Plaintiff's lack of evidence warrants summary judgment in favor of Defendants.

## Conclusion

For the foregoing reasons, Defendants' Amended Motion for Summary Judgment is G**RANTED.**

8

**SO ORDERED**: signed September 29, 2021.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE